# Greenwood *v.* West, *et al.*

### *Bill for Private Way of Road.*

(Decided Feb. 16, 1911. 54 South. 694.)

*Easements; Way of Necessity.*—A way of necessity arises only when complainant's land is wholly or partly surrounded by land whose owner holds a title from a common source; hence, where two such tracts of land meet only at one corner, one landowner cannot claim a way of necessity over the lands of another, since at the meeting point the way would run over lands of strangers.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by H. B. Greenwood against J. H. West, and others to compel the opening of a way. From a decree for defendants, complaintant appeals. Affirmed.

The bill alleges that the complainant was in the possession of and seised of the E.½ of the N. W. ¼ and 30

acres lying along the east side of the W. ½ of N. E. ¼, section 9, township 8, range 3 E.; that the respondents are seised and possessed of the W. ½ of the S. E. ¼ of the same section, township, and range; that in the year 1870 one Grandison Greenwood became the owner and was seised and possessed of both of the described tracts of land, and at the time of his death was still the owner of the said two tracts in fee; that complaintant was an heir of said Grandison Greenwood, and became the sole owner of the first-described tract by purchase from the other heirs of the said Grandison Greenwood; that the administrator of the said Grandison Greenwood sold the second tract of the above-described land under the decree of the probate court, at which one Hugh Carlisle became the purchaser; and that his heirs, after the death of said Carlisle, sold the same to the present owner. The bill than proceds to describe the character of the use of a roadway across certain lands surrounding his land, including the land of respondents. The following is a plat of the land noted in the opinion:

[Greenwood v. West, et al.]

STREET & ISBELL, for appellant. The facts in this case make a clear and undoubted right to a way of necessity in favor of complaintant over defendant's land.—13 Am. Dec. 141; 14 Cyc. 1176; 23 A. & E. Enc. of Law, 13; 3 Am. Dec. 43; 61 Am. Dec. 353; 82 Am. Dec. 621; 64 Am. Dec. 76; 38 Am. Dec. 61; 94 Am. Dec. 260; 23 Am. St. Rep. 758; 55 Ib. 651. A right of way passes with each conveyance of the land whether voluntary or involuntary.—3 Am. Dec. 43; 38 Ib. 61; 41 Am. St. Rep. 188; 23 A. & E. Enc. of Law, 15. The fact that complainant had another permissive was is no defense.—*Lide v. Hadley,* 36 Ala. 627; *Trump v. McDonald,* 120 Ala. 200; 23 Am. St. Rep. 756; 55 Lb. 653.

JOHN A. LUSK, for appellee. The chancellor's decree is upheld by *Trump v. McDonald,* 120 Ala. 200. There was no presumption in the grant.—17 Cent. Dig. pp. 1728-1730. There was no right by prescription.—*Johnson v. Lewis,* 2 S. W. 329; *Aaron v. Greenwood,* 68 Ga. 528. There was no dfinite location.—17 Cent. Dig. 1754-7.

ANDERSON, J.—This bill was filed to open a road over which the complainant claims a private right of way. The bill does not aver an express grant, and the proof fails to establish a right by prescription, as the use of the road was rather a permissive than an adverse one. Moreover, the proof shows that the road was changed and the route shifted at the will of the owner of the land. —*Trump v. McDonald,* 120 Ala. 200, 24 South. 353; *Rosser v. Bunn,* 66 Ala. 89. Counsel for appellant, do not in fact contend for a right of way by an express grant or by prescription, but argue upon the theory of an implied grant as a way of necessity, and because of the fact that title to the respective tracts was from a common source.

[Wade, et al. v. Wyker.]

A right of way by necessity arises only when the complainant's land is wholly or partly surrounded by the land from the common source and over which the way is claimed.—Washburn on Easements, § 163, 23 Am. & Eng. Ency. of Law, 13; *Trump v. McDonnell, supra.* Complainant's tract of land and the tract of the respondents, over which the was is sought, are not for practical purposes contiguous tracts. They corner. They touch only at a mathematical point;· the intervening corners being owned by a third party. Under these conditions, any grant of a way would involve a servitude upon the lands of a stranger (John Gilbreath.) The chancery court did not err in dismissing the bill of complaint, and the dercee is accordingly affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.