(130 So. 76)

HAMBY v. STEPLETON.

7 Div. 951.

Supreme Court of Alabama.

June 14, 1930.

Rehearing Denied Oct. 9, 1930.

C. L. Cottle, of Gadsden, for appellee.

ANDERSON, C. J.

The last amended or substituted bill of complaint expressly renounces any claim to relief upon the idea of a prescriptive right to the use of the road. Nor does it show a right to the road under an express valid grant as the agreement relied upon was oral and not binding upon the respondent. Hicks v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38. The fact, however, that the parties discussed the road and the question of keeping the same open at the time of the purchase of the land by the complainant from the respondent was an evidential fact that the road existed at the time and was regarded in the nature of a necessity for an outlet from the property so purchased.

■■ We think the bill makes out a case for equitable relief as for an implied covenant or right of way of necessity and was not subject to the respondent's demurrer. It sets up a grant from the respondent to the complainant to his land that the land so granted is surrounded, or partially so, by the respondent's land and which with the land sold him formed one body or tract. It also appears from the plat or map, made a part of the bill of complaint, and the correctness of which has not been questioned, that the respondent's land, through which the road runs, lies between the land of the complainant and the public road, and that complainant has no way of reaching said public road without going over the road in question or over lands of a stranger.

"It is a universally established rule that where a tract of land is conveyed which is separated from the highway by other lands of the grantor, or which is surrounded by his lands or by his and those of third persons, there arises by implication in favor of the grantee a way of necessity across the premises of the grantor to the highway. The basis of this right is the presumption of a grant arising from the circumstances of the case. Necessity does not of itself create a right of way, but it is evidence of the grantor's intention to convey one, and raises an implication of a grant. The presumption, however, is one of fact, and whether or not the grant is to be implied in a given case depends upon the terms of the deed and the facts in that case. Following the general rule above stated, a similar right may be created by implied reservation, notwithstanding general covenants in a warranty deed. The underlying principle is that whenever one conveys property, he also conveys whatever is necessary to its beneficial use, coupled with the further consideration that it is for the

Motley & Motley, of Gadsden, for appellant.

538

public good that land should not be unoccupied. The rule differs from the general doctrine of implied easements in that it does not have reference necessarily to existing servitudes or quasi easements, and therefore it is unnecessary to consider in connection therewith the question of apparent or nonapparent, continuous or noncontinuous servitudes. Since the right of way is founded on a grant, it can arise only between grantor and grantee. No way of necessity can be presumed or acquired over the land of a stranger. If one has an outlet over his own land, although less convenient, he cannot claim a right over the premises of another; or if there already exists a road accessible to him, though perhaps very inconvenient or in a very bad condition, a way by necessity cannot ordinarily be implied. However, according to the prevailing opinion, where other possible modes of access cannot be made available without labor and expense disproportionate to the value of the property purchased, the right is implied." 9 R. C. L. § 31, Page 768; Walker v. Clifford, 128 Ala. 67, 29 So. 588, 86 Am. St. Rep. 74; Greenwood v. West, 171 Ala. 463, 54 So. 694; Trump v. McDonnell, 120 Ala. 200, 24 So. 353. True, the relief was denied in these cases, but the legal principle, above set out was recognized.

■ There is a dispute in the evidence as to the period and extent of the use of the road in question and as compared with the use of a way over the Mitchell land, lying east of the lands of these parties, but there is little doubt of the fact that the road in question existed and was being used, to some extent, by the occupants or tenants of the lands prior to and at the time complainant purchased from respondent. True, the proof shows a way through the Mitchell land, but this is a mere permissive use which could be stopped at any time. Moreover, we do not think it quite equitable for this respondent to escape the obligation of his grant by attempting to shift the burden upon a stranger who has not thus far stopped the complainant from going over his land. One owes the complainant a legal duty, the other does not.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.