75 So.2d 492

**C. S. ROBERTS, Jr., et al.**

v.

**H. Eugene MONROE.**

8 Div. 709.

Supreme Court of Alabama.

Oct. 28, 1954.

Griffin, Ford, Caldwell & Ford, Huntsville, and Gibson & Gibson, Birmingham, for appellants.

Joe L. Payne, Walter J. Price, Lanier Price, Shaver & Lanier, Huntsville, for appellee.

STAKELY, Justice.

This case involves the obstruction of an alleged private right of way. C. S. Roberts, C. S. Roberts, Jr. and Virginia Roberts filed a bill in this case against H. Eugene Monroe on the theory that he had erected a wall which obstructed their ingress and egress to and from Tract B into and from the strip of land which appears on the map as an alley lying south of Tracts A and B and north of Tract C. E. N. Larkin and James E. Davis, individually, and E. N. Larkin and James E. Davis, doing business under the firm name of Larkin-Davis (appellants), were also parties complainant to the bill, being the lessees of C. S. Roberts, Jr. and Virginia Roberts of the property hereinabove alleged to be owned by them.

The evidence in the case is voluminous and the case was tried orally before the court. We cannot set out all the evidence, but we shall undertake to set out enough of the evidence in the case so that the case may be understood. The lower court after hearing the evidence held that there was no obstruction of a private right of way, denied the relief sought and dismissed the bill.

I.   History of the title to the three tracts of land, as shown by deeds to these respective tracts, should first be understood. On March 4, 1919, Enola G. Polk conveyed the fee simple title to two lots to Ida S. Greenleaf. These two lots included all of what is now Tract A, the alley (which at the time included the south 3.5 feet of Tract B and the south 5.5 feet of Tract A) and Tract C. In this deed there is no mention of any alley.

On January 12, 1923, Ida S. Greenleaf conveyed to C. E. Dennis Tract C, together with the use of the alley. This deed provided that the alley was being reserved for the use of the real estate conveyed by the deed and the property lying north of the alley and "being the SW corner of Clinton and Green Streets." The only property lying north of the alley and being on the SW

corner of Clinton and Green Streets for which an easement in the alley was reserved was Tract A. At the time of this deed Ida S. Greenleaf was not the owner of Tract B.

On March 2, 1923, Ida S. Greenleaf conveyed to C. E. Dennis Tract A, the same property for which she had made a reservation as to the use of the alley. By the terms of this deed Ida S. Greenleaf also conveyed to C. E. Dennis "all lands owned by her in the block of which this is a part," thus conveying to C. E. Dennis title to the fee of the alley. By these conveyances title was vested in C. E. Dennis to Tract C, Tract A and the alley.

On May 2, 1923, Thomas W. Holder conveyed to C. E. Dennis Tract B. As a result of this conveyance there became merged in C. E. Dennis the fee simple title to the alley, Tract C, Tract A and Tract B, all the property involved in this suit.

On April 21, 1926, C. E. Dennis conveyed to R. C. Callaway Tract B. No mention or reference to the alley is made in this deed. In other words, there was no express grant of an easement in this deed. The property included in the deed, which we refer to as Tract B, consisted of more than Tract B as conveyed by Holder to Dennis for it also included a strip of land 3.5 feet in width fronting along the south boundary of the old Tract B, the 3.5 foot strip formerly being a part of the alley.

On April 29, 1926, C. E. Dennis obtained a release from the W. R. Rison Bank Company releasing from a mortgage given by Dennis to that company on January 27, 1926, the 3.5 feet which had formerly been a portion of the alley, which 3.5 feet were conveyed by Dennis to Callaway. In this release it is recited that C. E. Dennis owns the alley.

On May 18, 1927, Tract A and Tract C were deeded by C. E. Dennis to Mrs. Alma E. Terry. In this deed Tract A is described as fronting 80 feet on Green Street and Tract C is described as fronting 60.2 feet on Green Street. In the granting clause of this deed appears the following: "Together with an alley, said alley being reserved for the joint use of the above described property and the property lying north of said alley and being on the SW corner of Clinton and Green Street, said alley being described as follows; towit: 'Beginning at a stake on the west margin of Green Street 80 feet southwardly from its intersection with the south margin of Clinton Street; thence westwardly parallel to Clinton Street 100 feet; thence southwardly parallel to Green Street 16.5 feet; thence eastwardly parallel to Clinton Street 100 feet to the west margin of Green Street; thence northwardly with same 16.5 feet to the beginning and being south of the first described lots (excepting from the above property any land which may have been conveyed to R. C. Callaway by the said parties of the first part as shown by deed of record in the Office of the Probate Judge of Madison County, Alabama, in Deed Book 123, page 372)' ". In the habendum clause of this deed appears the following: "Except that they do not enter into covenants and warranties as against the rights of other property owners to the use of the alleyway, hereinbefore referred to, nor as to the encumbrances mentioned, nor as to the property conveyed to the said Callaway."

It appears to be undisputed that at this time the only other property owner abutting on the alley was R. C. Callaway.

On July 14, 1937, Alma E. Terry and husband conveyed Tract A to C. S. Roberts, Sr., the property being described as fronting 85.5 feet on Green Street. There was no grant of an easement in this deed. However, the deed included 5.5 feet of the alley in the land conveyed.

On May 24, 1944, Alma E. Terry and husband conveyed Tract C to H. Eugene Monroe. In this deed there was a conveyance of a fee simple title to the alley as it exists today, which is the old alley less the 3.5 foot strip which had been conveyed to R. C. Callaway and less the 5.5 foot strip which had been conveyed to C. S. Roberts.

On June 25, 1946, R. C. Callaway deeded Tract B to Dudley S. Powell, excepting 16 inches on the east side which had been previously deeded to Mrs. Alma E. Terry.

On April 24, 1950, Dudley Powell conveyed Tract B to C. S. Roberts, Jr. and

Virginia Roberts (appellants). There was no mention of the alley in question in either of the aforesaid transactions. C. S. Roberts, Sr., conveyed Tract A to C. S. Roberts, Jr. and Virginia Roberts on May 4, 1950. Since the date of this transaction the property involved in this suit has been owned as follows:

The title to Tracts A and B is in C. S. Roberts, Jr. and Virginia Roberts and the title to Tract C is in H. Eugene Monroe.

The appellants attempted to allege in their bill of complaint that they are the owners of an easement in the alley which lies to the north of Tract C and to the south of Tracts A and B on the following theories:

(1) That there was an implied grant of the right to use of the alley to R. C. Callaway at the time of the deed to him from C. E. Dennis, who owned all three parcels of land and who deeded "Tract B" to R. C. Callaway on April 21, 1926.

(2) An implied grant to the right to the use of the alley to C. S. Roberts, Sr., who purchased "Tract A" from Alma E. Terry on July 14, 1937.

(3) A prescriptive right to the use of the alley by the owners of Tract B by adverse user thereof for more than twenty years, i. e., from April 21, 1926, the date of the deed from C. E. Dennis to R. C. Callaway, both of whom are predecessors in title to the appellants.

(4) The right to the use of said alley by the owners of Tract A acquired by adverse use thereof for more than ten years, i. e., from July 14, 1937, to date of the deed from Alma E. Terry to C. S. Roberts, Sr., predecessor in title to the complainants under what the complainants-appellants contend is a claim of right.

■ It is a familiar principle that if the title in fee to dominant and servient estates is vested in one individual owner, all rights are merged in the title in fee, terminating subordinate easements or rights of use. Stanley v. Barclay, 253 Ala. 650, 46 So.2d 210; Louis Pizitz Dry Goods Co. v. Penney, 241 Ala. 602, 4 So.2d 167.

■ On May 2, 1923, when Thomas W. Holder conveyed to C. E. Dennis Tract B, there resulted a merger in C. E. Dennis of the title to all of the property involved in this suit. The court was correct in its ruling that when Thomas W. Holder conveyed Tract B to C. E. Dennis and he became the owner of all of the property involved in this suit, there was a merger of title in C. E. Dennis, with the result that all subordinate easements or rights of way became terminated. The result is that this case does not turn on any easement or right of way which the appellants may have by reason of the provisions of the foregoing deeds, but if it arises at all, it must arise from an implied grant of an easement in the alley to serve Tract B or prescriptive user of the alleyway or adverse user of the alleyway for the requisite statutory period.

■ If an implied grant arose, giving to the owners a right of way over the alley, it must have arisen when C. E. Dennis executed and delivered a deed to R. C. Callaway on April 21, 1926. This deed does not, however, contain any provision granting an easement. There is no mention of the alley in the deed. It would have been a simple matter to have inserted such a provision in the deed, if such had been the intention of the parties. How then can it be said that it was the intention of the parties that the owner of Tract B should have an implied right of way over the alley. There is much evidence pro and con in an effort to show and to deny such implied grant of an easement in the alley to serve Tract B. We cannot go into all the details of the evidence but we call attention to the fact that at the time this deed was executed, there was a doorway in the building on Tract B leading into the alley through which cars might go to and from Tract B into and through the alley. There is no allegation or proof, however, that the wall is in the doorway. On the contrary it is built in the alley and not on any part of Tract B. At this point it is well to stop and see what are the principles relating to easements by implied grants which govern in a case of this kind. The principles are well set forth in Birmingham Trust & Sav-

ings Co. v. Mason, 222 Ala. 38, 130 So. 559, 561, as follows:

"Easements by implied grant of the nature involved in this case are usually limited to such as are open and visible, continuous, and reasonably necessary to the estate granted. Mere convenience is not equivalent to reasonable necessity. The right is an implication at best, and it is a question of fact in each particular case to determine whether the right is reasonably necessary to the enjoyment of the property conveyed. * * *

"A way of necessity by implied grant when the land sold is separated from the highway by the grantor's land is discussed in our recent case of Hamby v. Stepleton, [221 Ala. 536] 130 So. 76, where the principle is referred to that, 'if one has an outlet over his own land, although less convenient he cannot claim a right of way over the premises of another.' 9 R.C.L. 769. And it is said in the case of Hill v. Wing, supra, [193 Ala. 312, 69 So. 445]: 'If one can get to his property through his own land, he cannot claim a way of necessity through the land of another. * * * That the way sought is more convenient than another way already existing is no reason for obtaining it as a way of necessity.' "

See also Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411; Gaynor v. Bauer, 144 Ala. 448, 39 So. 749, 3 L.R.A.,N.S., 1082; Hamby v. Stepleton, 221 Ala. 536, 130 So. 76; Hill v. Wing, 193 Ala. 312, 69 So. 445.

The court, however, found that at this time there was a large doorway in the front of the building on Tract B opening into East Clinton Street through which cars and trucks could be driven and also a smaller door in the building on Tract B opening on East Clinton Street through which pedestrians could walk and these two doorways were the usual, customary and natural means of ingress to and egress from the building on Tract B at the time of said conveyance. As the court pointed out, there was proof for example by one of the witnesses who occupied the building as a tenant during 1924 and 1925 that the door in the back of the building was built for light and air and that the front door was used as the means of entrance and exit. There was other evidence tending to show that the door in the back of the building was not used or satisfactory for the purpose of entrance or exit from the building on Tract B. The lower court was of the opinion and so found that the alley was not reasonably necessary to the enjoyment of Tract B and that Dennis did not intend that such tract should benefit by the use of the alley or right of way and, therefore, that an easement in the alley to serve Tract B was not created by an implied grant in the conveyance from C. E. Dennis to Callaway on April 21, 1926. Authorities supra.

We should point out here that the appellants claim that when C. E. Dennis conveyed to R. C. Callaway, he conveyed an easement in the alley to serve Tract B by virtue of the words: "together with all and singular rights, privileges, tenements, appurtenances and improvements thereunto belonging." The deed does not contain any provision granting an easement. There is no mention of the alley in the deed. Under the circumstances in this case the foregoing words do not grant an easement over the land of the grantor. Crawford v. Tucker, supra. If C. E. Dennis had intended to convey an easement, it would have been a simple matter to have so stated in the deed. C. E. Dennis was familiar with the method of creating easements by an express grant in a deed for he had obtained an easement for Tract C in such manner in his first deed from Ida S. Greenleaf. Furthermore if R. C. Callaway had intended to buy Tract B only if he were getting an easement in the alley he could have insisted that an express grant of an easement be placed in the deed, but he accepted the deed without any grant of an easement. "The driveway was open and visible when complainant purchased his property; he knew his conveyance did not grant any right of way or easement over the remainder of the property, and accepted it without any reservation or grant of an easement."

Crawford v. Tucker, supra [258 Ala. 658, 64 So.2d 414].

It is claimed by the appellants that the court was in error in sustaining objections to the following questions propounded to the witness R. C. Callaway:

"Q. At the time you purchased that property, was anything said to you about the alleyway?

"Q. I will ask you if at the time you purchased that alley you were told that the use of the alley would pass with the property?"

We cannot put the court in error in its ruling on these questions. The answers sought to be elicited were parol statements and cannot be used to vary the terms of a written instrument. Burroughs v. Pate, 166 Ala. 223, 51 So. 978. Furthermore an easement is an interest in land and must be created by deed or prescription or adverse user and cannot be created by parol. Hicks Bros. v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 57 L.R.A. 720; § 3, Title 20, Code of 1940; § 22, Title 47, Code of 1940. There were no averments of fraud, accident or mistake in the procurement of the deed and accordingly it will be given effect and not varied by a contemporaneous parol agreement, assuming that there was such contemporaneous parol agreement. Birmingham Sawmill Co. v. Southern Ry. Co., 210 Ala. 126, 97 So. 78. Other reasons could be given to support the ruling of the court but what we have said is sufficient.

The appellants complain of the following statement in the court's opinion: "No mention is made in this deed of any easement in the alley or right of way and according to Callaway's testimony the matter was not discussed." A careful reading of the lower court's opinion shows that the matter which the court states was not discussed was a mention of an easement in the deed which would make an express grant of an easement if it had been set out in the deed. The deed speaks for itself and there is no question concerning an express grant of an easement by the deed from C. E. Dennis to R. C. Callaway.

II. Some of the assignments of error claim that the lower court erred in its finding that there was no easement created to serve Tract A by the conveyance from Alma E. Terry to C. S. Roberts. An examination of this deed shows that there was no express grant of an easement. There is no mention of an alley in this deed. Tendencies of the evidence show that the alley was not being used to serve Tract A at the time of the conveyance from Alma E. Terry to C. S. Roberts. The only time prior to the aforesaid conveyance when said alley was used to serve Tract A at best was for a period of about one year from the latter part of 1928 to the latter part of 1929, when one Buster Burger occupied the building on the southern part of Tract A. This use for that period of one year was limited to a small doorway in the southwestern end of the building for the purpose of employees occasionally visiting Tract B. Several of those who were occupants of Tract A testified that they never used the alley. One of these men, Carl Thomas, testified that he considered the alley as a part of Tract C. Without going into the evidence in further detail we will not put the court in error in finding that the alley was not being used to serve Tract A at the time of the conveyance from Alma E. Terry to C. S. Roberts. It should be added that there could be no implied grant of an easement in the alley to serve Tract A by the conveyance from Alma E. Terry to C. S. Roberts. Since the alley was not being used to serve Tract A, one of the required essentials of an implied easement is lacking.

It certainly cannot be contended that the alleyway was reasonably necessary for the enjoyment of Tract A. The evidence shows that on July 14, 1937, when C. S. Roberts acquired Tract A, there was being operated on this property a filling station. At that time Tract A fronted its entire width on the south margin of Clinton Street and its entire depth on the west margin of Green Street. Entrance from both of these streets was shown by the evidence and no other means of ingress or egress could be needed. It should be noted

that the wall affects only the doorway in the building on Tract B. As we understand the situation the appellants contend that the lower court should have found that there was an easement to serve Tract A and that by virtue of such easement as to Tract A they are entitled to use the alley for an easement through the doorway in the building on Tract B to serve Tract B. This court has held, however, that one cannot enlarge upon an easement for other purposes. A grant or reservation of a right to pass upon a private way to one lot does not confer the right to pass upon the same way to another lot. One having a right of way appurtenant to certain lands cannot use it for the benefit of other land. " 'If a man have a private way to a close, he must not enlarge it to other purposes.' " West v. Louisville & N. R. Co., 137 Ala. 568, 34 So. 852, 853. The court was not in error in finding that the alley was not reasonably necessary for the enjoyment of Tract A.

■ III. The court was of the further opinion that the evidence failed to show an easement established by adverse use of the alley as a means of ingress and egress by the owner of Tract B for a period of more than 20 years, in that the evidence did not show an adverse and continuous use and accordingly the presumption is not overcome that use of the alley was permissive rather than adverse. West v. West, 252 Ala. 296, 40 So.2d 873. There is no claim that appellants have the right to the use of the alley by virtue of its being a public alley. The only claim is that the alley is a private easement. In West v. West, supra, it was said that a private easement is not established merely by use of the lands of another for twenty years, or more, but such use must have been adverse to the owner of the premises over which the easement is claimed under claim of right, exclusive, continuous and uninterrupted, with actual or presumptive knowledge of the owner.

"To establish * * * a private easement, the prima facie sufficiency of the proof is clearly different from that necessary to establish a dedication to the public use. * * * To create [a private] easement, there must be evidence that the use was adverse to the owner. Such nature of use will not be presumed, but the evidence must be such that its adverse nature is a proper inference. * * * The presumption is that the user is permissive rather than adverse, unless it is shown otherwise." Birmingham Trust & Savings Co. v. Mason, supra.

■ IV. The court was further of the opinion that the evidence failed to show an easement established to the use of the alley by the owners of either Tract A or Tract B acquired by adverse use for more than ten years in that there was no proof of color of title to the use of the alley or listing of the same for taxation for ten years. § 828, Title 7, Code of 1940.

In view of the findings of the lower court we do not see how we can say that there was any implied grant of an easement in the alley for the benefit of appellants here, nor can we say that a right to the use of the alley was established either by prescription for a period of 20 years or by adverse use of the alley for a period of ten years. In a similar suit in the case of Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411, 414, this court said: "This case is peculiarly one where the rule should be applied that where the hearing is before the judge and the witnesses testify orally before him, his findings will be sustained on appeal unless palpably erroneous or against the great weight of the evidence. Particularly in this case, where he had the advantage of viewing the premises and knowing the locale, the rule should be emphasized and we would be most reluctant to disturb his findings."

Upon a careful consideration of the case we consider that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.