This case involves the right of ingress and egress by the appellees Bruce and Wendell Miller and Lura Howell, over the appellants', Swansie and Maggie Burrow's, property. The trial Court, hearing the evidence ore tenus, granted to the appellees the right of ingress and egress over the Burrow's property and enjoined the Burrows from interfering with the appellees' rights. We affirm.
The opposing parties are coterminous landowners. Their common source of title is J.C. Clark. The Howell's land is located south of the Burrows.
The Howell's right of ingress and egress was a road separating the lands of the Burrows and Flurrie Shotts. There was testimony to the effect that this road was the only one to the Howell's land and that it had been continuously used since 1948.
The trial Judge, hearing the evidence ore tenus, determined that an implied easement or an easement of necessity existed. Under our traditional scope of review in such cases, we are restrained from reviewing the trial Court's findings of fact unless we find that his findings are without supporting evidence, or unless clearly and palpably wrong, or manifestly unjust. Leeth v. Perry, 257 Ala. 687, 60 So.2d 821 (1952).
We find ample evidence in the record to support the trial Judge's findings of fact and that these facts satisfy the requirements necessary for the creation of an implied easement as set out in Hamby v. Stepleton, 221 Ala. 536, 130 So. 76
(1930). There the Court stated that two elements are necessary for the finding of an easement of necessity. First, the properties in controversy must come from a common source, which in this case is J.C. Clark. Secondly, there must be a reasonable necessity for the creation of this easement; that is, it must be the only practical avenue of ingress and egress. As Chief Justice Anderson, quoting from 9 R.C.L. § 31, Page 768, stated in Hamby, "`Necessity does not of itself create a right of way, but it is evidence of the grantor's intention to convey one, and raises an implication of a grant. The presumption, however, is one of fact, and whether or not the grant is to be implied in a given case depends upon the terms of the deed and the facts in that case.'" 221 Ala. at 537,130 So. at 77.
The deed referred to in the above quoted portion of Hamby, like the deed here, was not an express conveyance of the easement in question but the deed to the property to be served by the claimed easement. Chief Justice Anderson, in Hamby, continues:
 "`Following [this] general rule . . ., a similar right may be created by implied reservation, notwithstanding general covenants in a warranty deed. The underlying principle is that whenever one conveys property, he also conveys whatever is necessary to its beneficial use, coupled with the further consideration that it is for the public good that land should not be unoccupied.'"
It should be noted that this rule of "granting by implication an easement of necessity" is an exception to the general rule that an easement can only be created by deed, by prescription, or by adverse use for the statutory period. See Camp v. Milam,291 Ala. 12, 277 So.2d 95 (1973).
The trial Judge, sitting as trier of the facts, determined, with ample supportive evidence, that an implied easement of necessity did indeed exist. Therefore, we affirm the decision of the trial Court.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 781