PER CURIAM.
Plaintiffs, who initiated this lawsuit to ascertain the proper boundary lines between their land and that of the adjoining landowners, challenge the trial court’s decision to override the legal description of their property as given in their deed. After taking ore tenus evidence and making an inspection of the premises, the trial court entered judgment for the defendants consistent with their claim of adverse possession, and appointed a surveyor, as agreed upon by the parties, to fix the boundary line accordingly. The court-appointed surveyor’s report was subsequently approved by the court. Thereafter, following a hearing on the plaintiff’s post-judgment motion for a new trial, the trial court entered an amended judgment, which reads in part:
“1. The Court finds that an Order was entered on June 7, 1988, and with this Order the Court does hereby amend that Order as follows:
“ ‘(a) Testimony was offered by the Plaintiff and Defendant and exhibits were presented to the Court for consideration in said cause. Also, cases were submitted to the Court which are contained in the file concerning coterminous landowners. In addition to this, the Court and the attorneys made a visit to the site of the disputed strip of property, and the Court noted an old fence extending from the Southwest corner of the disputed property beginning on Kentucky Avenue and extending eastwardly to a point being the Southeast corner of the disputed property.’
“2. The Court finds that the defendants, Adrian L. Reaves, Agnes Reaves, Emmie Simms, Meredith Willingham, Lee Willingham, and Mrs. Phillip K. Burton and their predecessors in interest had the open, notorious, adverse, hostile, continuous, and peaceful possession of the property to the old fence in question for more than twenty (20) years preceding the filing of this action. The disputed property was used as a truck farm, potatoes were grown on it, watermelons were grown on it, it was farmed, horses were kept on said property, it was used for pasture land, cattle were placed on the property, and, in general, the disputed property was used right up to the old fence.”
Because the evidence of record supports a finding of each of the elements of the defendants’ claim of adverse possession for the requisite prescription period, and because such evidence is legally sufficient to overcome the presumption of legal title, we affirm the judgment on the authority of Nelson v. Styron, 524 So.2d 353 (Ala.1988).
We have carefully reviewed the record in light of appellants’ earnest insistence that the evidence is insufficient to dispute their testimony to the effect that the appellees have not manifested acts of continuous possession of the disputed strip of land during the past 20 years (the period during which the appellants have owned and possessed their property). We agree that the record supports the appellants’ contention in this respect and, accordingly, we understand their frustration and disappointment with the trial court’s rejection of their claim of legal title to the property.
Yet, we can not overlook the abundance of substantial evidence from which the trial court could have been clearly convinced *435 that the appellees’ predecessors in title had openly, notoriously, adversely, and continuously possessed the disputed property for more than 20 years before the appellants acquired title to the adjoining property. Moreover, the presumption in favor of the trial judge’s findings, where, as here, those findings are supported by the evidence, is strengthened by his personal inspection of the premises. See Barnett v. Millis, 286 Ala. 681, 246 So.2d 78 (1971).
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and KENNEDY, JJ., concur.
JONES, HOUSTON and STEAGALL, JJ., concur specially.