551 So.2d 918 (1989)
William Lee HEREFORD
v.
GINGO-MORGAN PARK, an Alabama General Partnership.
88-604.
Supreme Court of Alabama.
June 2, 1989.
As Modified on Denial of Rehearing July 14, 1989.
Rehearing Denied September 22, 1989.
*919 William R. Justice of Conwill & Justice, Columbiana, for appellant.
Douglas Corretti and Jesse P. Evans III of Corretti & Newsom, Birmingham, for appellee.
JONES, Justice.
William Lee Hereford appeals from an adverse judgment holding that he had no protectable rights in a strip of land known as Parkview Road. The trial court found that there had been no common law dedication of this land, and that Hereford had no rights by way of an easement, whether implied, prescriptive, or by necessity. Because we hold that an easement by necessity does exist in favor of Hereford, we modify the judgment and affirm it as modified.
The property involved in this appeal had, at one time, all been owned by Earle Morgan. Morgan conveyed part of this land to Herman Pauly and his wife. The deed given to the Paulys excepted from the conveyance "a dedicated roadway 50 feet in width." Subsequently, the land was further divided and conveyed to several other parties, and currently Hereford owns part of this land. Throughout this time, the only means of access to these lots has been by way of Parkview Road.[1] Several of the deeds that transferred title to the land involved mention the road or driveway, in one manner or another.
In 1982, the appellee Gingo-Morgan acquired title to the land that contains the eastern portion of Parkview Road. This land lies between Hereford's lot and the nearest public road. Gingo-Morgan plans to develop this land, and, in doing so, will destroy Parkview Road. Gingo-Morgan has orally assured Hereford that an alternative road, superior in quality to Parkview Road, will be built to allow access to his land.
Upon learning of the plans to close Parkview Road, Hereford, along with two other plaintiffs, filed a declaratory judgment action seeking to determine what rights they had in Parkview Road, whether by common law dedication, easement by implication, or easement by necessity. They also sought a permanent injunction to prevent Gingo-Morgan from damaging Parkview Road. The plaintiffs thereafter amended their *920 complaint to add theories of easement by prescription or public road by prescription.
The case was tried ore tenus and, after personally inspecting the property involved, the trial judge entered a judgment holding that Parkview Road was not a public road and that plaintiffs had no easement over Parkview Road by implication, prescription, or necessity. The trial court also ordered Gingo-Morgan, at its expense, to build a connector road providing the plaintiffs access to their property, and the order further stated that once this road was approved and accepted as a public road, Gingo-Morgan would be allowed to close Parkview Road. Only Hereford appeals from this judgment.
Hereford raises four issues: 1) whether an easement by implication exists; 2) whether an easement by necessity exists; 3) whether Parkview Road is a public road through common law dedication; and 4) whether a servient landowner can be enjoined from "relocating" a road that already is in existence. We agree with the trial court that no easement by implication exists, and that there has been no common law dedication of Parkview Road. We hold, however, that an easement by necessity does exist in favor of Hereford and, therefore, we modify the trial court's judgment on this issue, and affirm the judgment as modified.
The standard of review of a case tried ore tenus has been clearly established by this Court:
"We have stated, `In a case tried ore tenus [where the evidence is in dispute] there is a presumption of correctness, and the court's findings will not be disturbed unless they are palpably wrong, without supporting evidence or manifestly unjust.' Silverman v. Charmac, Inc., 414 So.2d 892, 894 (Ala.1982)."
Pinkston v. Hartley, 511 So.2d 168, 169 (Ala.1987).
In addition, the ore tenus presumption is further strengthened in a case involving a dispute over real property, where the trial judge views the land in question. McCollum v. Reaves, 547 So.2d 433 (Ala. 1989). On the other hand, the trial court's application of the law, or its conclusions of law, based on its findings, reach this appellate court with no presumption of correctness.
As Hereford also correctly points out, where the evidence before the trial court is undisputed, the appellate court will consider the evidence de novo, with no presumptions in favor of the trial court's determinations. Sasser v. Spartan Foods Systems, Inc., 452 So.2d 475, 477 (Ala.1984). In the present case, however, we find that the objective and historical facts are not disputed, and the trial court's findings of fact are consistent with the undisputed evidence. Therefore, we will examine the trial court's application of the law to those findings.
The trial court first concluded that Parkview Road was not a public road. We agree with that conclusion.
"A public way or road is established in one of three ways: 1) by a regular proceeding for that purpose; 2) by a dedication of the road by the owner of the land it crosses and subsequent acceptance by the proper authorities; or 3) by virtue of its being generally used by the public for 20 years. Arnett v. City of Mobile, 449 So.2d 1222 (Ala.1984), citing Sam Raine Construction Co. v. Lakeview Estates, Inc., 407 So.2d 542 (Ala.1981), and Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289 (1972)."
CRW, Inc. v. Twin Lakes Property Owners Ass'n, Inc., 521 So.2d 939, 941 (Ala. 1988).
The only argument made by Hereford to support his assertion that Parkview Road is a public road is that there has been a common law dedication. The record shows, and the trial court found, that there had not been an express dedication of the road. Therefore, the requirements for common law dedication have not been met, and the trial court correctly ruled that Parkview Road was not a public road. See Thomas v. Bullock County Com'n, 474 So.2d 1094 (Ala.1985).
Next, the trial court dealt with the question whether any easements existed in favor *921 of the plaintiffs. The three theories that Hereford advanced were prescription, implication, and necessity. The trial court found that no easement had been established under any of these methods. While we agree with the trial court that no easement by prescription or implication exists, we disagree with the trial court's application of the law with respect to its holding that there was not an easement by necessity.
The elements necessary to establish each of these easements have been clearly stated by this Court.
"To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner."
Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983). (Citations omitted).
"Easements by implication cover a variety of types of easements. Creation by this method requires not only original unity of ownership, Brewer v. Avinger, 208 Ala. 411, 94 So. 590 (1922), but also that the use be open, visible, continuous, and reasonably necessary to the estate granted. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559 (1930); Walker v. Clifford, 128 Ala. 67, 29 So. 588 (1901). The implication is that the parties implied such an easement because the grantee, having seen the use the grantor made of the property, can reasonably expect a continuance of the former manner of use. R. Powell, [Powell on Real Property (abr. ed. 1968)] ¶ 411. Helms v. Tullis, 398 So.2d 253 at 255-56 (Ala.1981)."
Underwood v. Shepard, 521 So.2d 1314, 1316 (Ala.1988).
"The rationale for allowing an easement by necessity is that public policy demands that land not be rendered unusable. R. Powell, [Powell on Real Property (abr. ed. 1968) ] supra, ¶ 410. Under Alabama law, however, there must be a genuine necessity; mere convenience is not enough. Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1972); Roberts v. Monroe, 261 Ala. 569, 75 So.2d 492 (1954); Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559 (1930). The burden is on the one seeking to establish the easement to prove the easement is `reasonably necessary for the enjoyment' of the land. Roberts v. Monroe, 261 Ala. 569, 75 So.2d 492 (1954). Easements by necessity almost always involve access roads across the servient tenement connecting the dominant tenement to a public road or highway. See, Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771 (1967); Greenwood v. West, 171 Ala. 463, 54 So. 694 (1911); Trump v. McDonnell, 120 Ala. 200, 24 So. 353 (1898). Original unity of ownership of the dominant and servient tenements is always required for an easement by necessity. Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411 (1953)."
Helms v. Tullis, 398 So.2d 253, 255 (Ala. 1981).
As previously noted, the trial court held that no easements of any type existed over Gingo-Morgan's land. We agree that no easement by prescription exists, because Parkview Road has not been in existence for the required period of 20 years. In addition, we concur in the determination that there is no easement by implication. However, the facts presented clearly show that an easement by necessity does exist in favor of Hereford; thus, we disagree with this portion of the trial court's judgment.
It is undisputed that the sole means of ingress to and egress from Hereford's property is over the land owned by Gingo-Morgan. Although the trial judge specifically held that no easement by necessity existed, his order nonetheless provided for the building of a new road to provide the plaintiffs with a means of access to their property. The trial court's judgment states in part:

*922 "The undersigned ORDERED the Defendants to do the following before they close Parkview Road:
"1. The Defendants, at their expense, will extend Morgan Drive and build the connector to Parkview Road as shown by Defendants' Exhibits 2, 3 and 5 and as set out in the Defendants' testimony and the brief filed by the Defendants' attorney.
"2. That Morgan Park Drive and the connector be approved and accepted by the City of Pelham as a public road and [be] in full compliance with all subdivision regulations.
"The undersigned ORDERS that, after the Defendants have complied with the above requirements, the Defendants are GRANTED the right to close Parkview Road, as it is the undersigned's ruling that the Defendants own Parkview Road up to the Hereford residence.
"The Plaintiffs' request for injunctive relief is hereby denied."
The language of the trial court's order, dealing with the easement by necessity issue, when examined closely, appears to contradict itself. Gingo-Morgan was ordered to build a road to provide access to the plaintiffs' land before it would be allowed to close Parkview Road. But, the order also states that the plaintiffs have no rights to Parkview Road under any theory they advanced. If the plaintiffs indeed have no rights, then Gingo-Morgan can close Parkview Road at any time it wishes, because it owns the road. However, this would deny the plaintiffs their only means of access to their property. Clearly, under these circumstances, an easement by necessity exists to allow the appellant to have a means of access to his property.
While the trial judge erred in his conclusion regarding the easement by necessity, the relief he granted was nonetheless proper in this case. Once the alternate road is built and accepted as a public road, the easement by necessity over Parkview Road will cease to exist. This decision is similar to the one reached by this Court in Oyler v. Gilliland, 382 So.2d 517 (Ala.1980) (Oyler II). In that case the duration of an easement by necessity, and the propriety of injunctive relief to protect such an easement, were discussed by the Court:
"By its very nature, an easement of necessity is extinguished once the necessity ceases. Oyler v. Gilliland, 351 So.2d [886] at 888 [ (Ala.1977) ]. It follows, therefore, that use of the easement by those entitled thereto cannot be subject to a permanent injunction against interference."
Id. at 519.
Applying the Oyler II decision to the present case, we hold that an easement by necessity over Parkview Road exists in favor of Hereford. This easement will be extinguished when the alternate public road mentioned in the trial court's order is built and accepted by the proper authorities. We agree that a permanent injunction is not available to protect this easement, because it is subject to being extinguished as soon as an alternate road is made available.
We therefore modify the trial court's order to provide that an easement by necessity does exist over the land of Gingo-Morgan in favor of Hereford and the other original plaintiffs. Once Gingo-Morgan complies with the requirements of the trial court's order, this easement will be extinguished, and Gingo-Morgan may then close Parkview Road.
AFFIRMED AS MODIFIED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

ON APPLICATION FOR REHEARING
JONES, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
NOTES
[1] Throughout this opinion the term "Parkview Road" is used to describe the strip of land in dispute. This term is used merely for convenience and does not imply, in any way, that a public road exists.