THOMAS, Judge.
Joe Hall and his wife, Jean Hall, acquired a tract of land in the 1940s or the 1950s. Joe and Jean are the parents of Daniel J. Hall, David Hall, and Jeffrey B. Hall, each of whom were or are married. In 1979 Joe and Jean conveyed all but two acres of the tract, dividing the conveyed portion into three separate parcels—one parcel to each son and his wife. We refer to the parcel conveyed to Daniel and his wife, Patricia, as “parcel A,” to the parcel conveyed to David and his wife, Susan, as “parcel B,” and to the parcel conveyed to Jeffrey and his wife, Glenda, as “parcel C.” In the deeds pertaining to parcel A and parcel B, Joe and Jean had included a reservation of an easement over “the old road bed” for access to their two-acre parcel. The old road bed is Hall Road, which is an unpaved, private road.
In 1996 Jeffrey and David acquired another parcel (“the river parcel”). The only access to river parcel was by Hall Road. In 2000 Jeffrey acquired David’s interest in the river parcel. In 2003, Daniel caused obstructions to be placed across Hall Road on parcel A that prevented Jeffrey’s access to the river parcel.
On March 7, 2011, Jeffrey filed a complaint in the Blount Circuit Court against Daniel and Patricia, asserting that he was entitled to an easement by implication or by necessity across the portion of Hall Road on parcel A that led to the river parcel. Jeffrey also requested injunctive relief. On March 31, 2011, Daniel and Patricia conveyed approximately half of parcel A, dividing that half into three separate parcels—one parcel to each of them three adult children, who are Ashlee Hall Leahey, Laura Hall, and Joshua Hall. We refer to the parcel conveyed to Leahey and her husband as “parcel A-l.” Hall Road runs through parcel A-l but not through any other part of parcel A owned by Daniel and Patricia, Laura, or Joshua.
Daniel and Patricia filed motions to dismiss Jeffrey’s complaint in which they asserted that they did not own any property through which Hall Road ran and that Jeffrey had failed to join certain indispensable parties—specifically, other landowners on or near Hall Road. Jeffrey filed a response in which he argued that Daniel and Patricia were the owners of all of parcel A at the time his complaint was filed and that the alleged “indispensable parties” were unnecessary because each person referenced in one of Daniel and Patricia’s motions to dismiss had consented to his use of the portions of Hall Road that crossed their respective properties.
On July 8, 2011, Jeffrey filed an amended complaint in which he named Leahey as a defendant. On August 16, 2011, Leahey filed a motion to dismiss in which she asserted that the portion of Hall Road on parcel A-l had been destroyed by a tornado. She also filed an answer to Jeffrey’s amended complaint in which she asserted that she could not afford to clear the debris from and repair the damage to the portion of Hall Road on parcel A-l and, furthermore, that, if she decided to clear the road, she would then require access to the portion of Hall Road on parcel C to do so.
On September 20, 2011, Daniel and Patricia filed an answer to the amended complaint, a counterclaim, and a cross-claim in which they asserted that, if the circuit court determined that Jeffrey was entitled to an easement across the portion of Hall Road on parcel A, Daniel and Patricia were also entitled to an easement across the portion of Hall Road on parcel C and across the properties of seven other owners of property traversed by Hall Road. *1277 Daniel and Patricia added as cross-claim defendants Ronald Levon Stone, Margaret Collen Bunn, Amy S. Campen, Dean Alan Sticher, Jean, David, and Susan (“the cross-claim defendants”). In March 2013, Laura and Joshua were named as defendants. A trial was held on November 24, 2014.
On August 14, 2015, the circuit court entered a judgment, determining that Hall Road had been used by “all parties” for over 50 years and, without indicating what specific type or types of easements had been created, that Hall Road would “remain a mutual easement for all parties to use to access their respective tracts of land.” The circuit court denied all other relief requested in Jeffrey’s complaint and in Daniel and Patricia’s counterclaim and cross-claim. The record contains an undated copy of a counterclaim against Jeffrey in which Leahey claims that she had a right to an easement by necessity across the portion of Hall Road on parcel C. However, there is no indication in the record that the counterclaim was filed or that service of that pleading was perfected. On September 9, 2015, Jeffrey filed a postjudgment motion, which was denied on October 2, 2015. On November 12, 2015, Jeffrey filed a timely notice of appeal to our supreme court. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975. Jeffrey seeks our review of whether the circuit court erred by granting Daniel, Patricia, Leahey, Laura, and Joshua (“the defendants”) an easement across the portion of Hall Road on parcel C.[1]
“ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ Phil-pot v. State, 843 So.2d 122, 125 (Ala. 2002). However, ‘the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005). ‘Questions of law are reviewed de novo.’ Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).”
Butterworth v. Morgan, 22 So.3d 473, 474-75 (Ala.Civ.App.2008).
As explained by Jeffrey in his appellate brief:
“An unpaved road bed runs from County Road 5, in a northwesterly direction, first crossing the property of Ronald *1278 Stone. Then the old road crosses the property of Jean, Jeffrey, David, Daniel, and Ashlee (Leahey) Hall, in that order, before reaching Jeffrey Hall’s second parcel: the ‘river property.’ ... All of the property crossed by the old road was once part of the Hall Estate except Mr. Stone’s property.”
Jeffrey testified that he had used Hall Road all of his life until 2003, when the Alabama Power Company (“Alabama Power”) put up a gate and iron stakes on Hall Road on parcel A at Daniel’s request. Daniel testified that he had put up a cable and no-trespassing signs in 2003 because trees and topsoil had been removed from parcel A without his permission. Daniel testified that he had accused Alabama Power of removing the trees and topsoil; however, Alabama Power had denied that it had done so, and, Daniel said, he had accepted its offer to build a gate. Jeffrey testified that, after the gate was installed, he could still access parcel C but could not access the river parcel.
Daniel testified that he and his immediate family had ceased using Hall Road to access parcel A in 1984. At that time, Daniel and Patricia purchased Heavenly Drive, which they used to access parcel A. Leahey, who was born after Daniel and Patricia purchased Heavenly Drive, testified that she had never used Hall Road. She testified that she wanted to build a house on parcel A-l; however, other than by Hall Road, parcel A-l could be accessed only by foot.[2] Leahey testified that she had not accessed parcel A-l since she had acquired it because it had been too dangerous to walk to parcel A-l after a walking trail had been destroyed by a tornado in 2011 and, moreover, because she had been pregnant twice since 2011. Leahey said: “I want an easement because there is already an existing road, whereas I would have to build a road if I couldn’t have an easement.” According to Leahey, it was cost prohibitive and “too much trouble” to build a new road through parcel A, so, she said, she needed an easement across the portion of Hall Road on parcel C. Daniel, who is a civil engineer, testified that it would cost no less than $30,000 to build a new road to parcel A-l due to the topography of the land.
On appeal Jeffrey argues that the circuit court correctly recognized that he had presented clear and convincing evidence demonstrating his need of an easement across the portion of Hall Road on parcel A or parcel A-l; however, he contends, the circuit court incorrectly concluded that “Daniel Hall and his children” had presented clear and convincing evidence demonstrating their need of, or right to, an easement across Hall Road through parcel C. Jeffrey points to the evidence demonstrating that Daniel and Patricia had not used Hall Road since 1984 and that Leahey had never used Hall Road; thus, Jeffrey argues, the defendants failed to demonstrate a right to an easement by prescription, by necessity, or by implication.

Easement by Prescription

Because the circuit court included the finding that Hall Road had been “used by all parties for over 50 years,” it appears likely that the circuit court concluded that an easement by prescription across Hall Road on parcel C had been acquired by the parties.
“To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a *1279 period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner. Cotton v. May, [293 Ala. 212, 301 So.2d 168 (1974) ]; Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613 (1969); West v. West, 252 Ala. 296, 40 So.2d 873 (1949).”
Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983). In this case, there was no testimony offered demonstrating that anyone had, under claim of right, made exclusive, continuous, and uninterrupted adverse use of the portion of Hall Road on parcel C. To the contrary, Jeffrey testified that he had not permitted the defendants to use the road on his property and that they had not done so. Leahey, who was 28 years old, confirmed that, although she had wanted to use the portion of Hall Road on parcel C, she had never been allowed to do so. Daniel testified that he and Patricia had not used any portion of Hall Road since 1984. Neither Laura nor Joshua testified. Therefore, the evidence presented does not support the circuit court’s conclusion that “Hall Road had been used by all parties for over 50 years” or that an easement by prescription across the portion of Hall Road on parcel C had been created.[3]

Easement by Necessity

“The rationale for allowing an easement by necessity is that public policy demands that land not be rendered unusable. R. Powell, [Powell on Real Property] ¶410 [(abr. ed.1968)]. Under Alabama law, however, there must be a genuine necessity; mere convenience is not enough. Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1972); Roberts v. Monroe, 261 Ala. 569, 75 So.2d 492 (1954); Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559 (1930). The burden is on the one seeking to establish the easement to prove the easement is ‘reasonably necessary for the enjoyment’ of the land. Roberts v. Monroe, 261 Ala. 569, 75 So.2d 492 (1954). Easements by necessity almost always involve access roads across the servient tenement connecting the dominant tenement to a public road or highway. See, Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771 (1967); Greenwood v. West, 171 Ala. 463, 54 So. 694 (1911); Trump v. McDonnell, 120 Ala. 200, 24 So. 353 (1898). Original unity of ownership of the dominant and servient tenements is always required for an easement by necessity. Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411 (1953).”
Helms v. Tullis, 398 So.2d 253, 255 (Ala. 1981).
Jeffrey is correct that the testimony and documentary evidence presented would not support a determination that the defendants could properly acquire an easement by necessity across the portion of Hall Road on parcel C to access parcel Al.[4] Instead, the evidence presented demonstrated that parcel A-l and parcel C do not have a common grantor; therefore, there is no original unity of ownership of parcel A-l and parcel C. (Daniel and Patricia are the grantors of parcel A-l; Joe and Jean are the grantors of parcel C.) *1280 Furthermore, David testified that, although it would be inconvenient and expensive, it was possible to build a road to parcel A-l. Regardless, we note that nothing in the circuit court’s judgment leads us to the conclusion that the circuit court determined that anyone was entitled to an easement by necessity across the portion of Hall Road on parcel C.

Easement by Implication

“An easement by implication ‘requires not only original unity of ownership ... but also that the use be open, visible, continuous, and reasonably necessary to the estate granted.’ Helms [v. Tullís], 398 So.2d [253,] 255 [ (Ala.1981) ](citations omitted). Our supreme court has held that the ‘implication is that the parties implied such an easement because the grantee, having seen the use the grantor made of the property, can reasonably expect a continuance of the former manner of use.’ Id.”
Arp v. Edmonds, 706 So.2d 736, 738 (Ala. Civ.App.1997). Because there is no original unity of ownership of parcel A-l and parcel C, it also appears unlikely that the circuit court concluded that an easement by implication had been created. Furthermore, although parcel A and parcel C have a common grantor and, therefore, original unity of ownership, Daniel testified that neither he nor Patricia had exercised continuous use of Hall Road, and Leahey testified that she had never used Hall Road. Thus, if it did so, the circuit court erred by concluding that the defendants had acquired an easement by implication to the portion of Hall Road on parcel C to access parcel A or parcel A-l.
In conclusion, the judgment of the circuit court is reversed insofar as it granted an easement across the portion of Hall Road on parcel C to the defendants. See supra note 1. The cause is remanded for the circuit court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Although the circuit court granted an easement to “all the parties,” Jeffrey does not seek our review of the judgment insofar as it awards to the cross-claim defendants an easement across the portion of Hall Road on parcel C. The notice of appeal names as ap-pellees only: "Daniel J. Hall, Patricia Hall, Ashlee Leahey, Laura Hall, and Joshua Hall,” and Jeffrey's arguments on appeal are focused on the "trial defendants” or "Daniel and his children.” Therefore, Jeffrey has not sought our review of whether the circuit court erred by determining that the cross-claim defendants were entitled to an easement across the portion of Hall Road on parcel C, and we do not address the propriety of the judgment insofar as it awards the cross-claim defendants an easement across the portion of Hall Road on parcel C.
" 'It is settled law that notice of appeal from a judgment in favor of two or more parties must specifically name each party whose judgment the appellant wishes to overturn.’ Sperau v. Ford Motor Co., 674 So.2d 24, 40 (Ala, 1995), judgment vacated, Ford Motor Co. v. Sperau, 517 U.S. 1217, 116 S.Ct. 1843, 134 L.Ed.2d 945 (1996)(cit-ing Edmondson [v. Blakey, 341 So.2d 481 (Ala. 1976),] and Threadgill [v. Birmingham Bd. of Educ„ 407 So.2d 129 (Ala.1981)], and an opinion of the United States Court of Appeals for the Fifth Circuit).”
Veteto v. Swanson Serve. Corp., 886 So.2d 756, 763 (Ala.2003).

. A map included in the record confirms that parcel A-l can be accessed by Hall Road but cannot be accessed by Heavenly Drive. However, that same map appears to depict another road or roads that provide access to parcel A-l (and the parcels conveyed to Laura and Joshua) but not to parcel A.

. In reaching this conclusion, we need not consider the testimony regarding the cross-claim defendants' alleged use of the portion of Hall Road on parcel C. See supra note 1.

. We assume that Jeffrey is referring to the improper creation of an easement by necessity over parcel C for access to only parcel A-l because the remainder of parcel A is not landlocked.