706 So.2d 736 (1997)
Randy R. ARP and Elizabeth S. Arp
v.
Richard E. EDMONDS and Deborah L. Edmonds.
2951040.
Court of Civil Appeals of Alabama.
April 18, 1997.
Rehearing Denied May 23, 1997.
Certiorari Denied November 21, 1997.
*737 David J. Thies of Murchison & Sutley, L.L.C., Foley, for appellants.
Fred K. Granade and Russell J. Watson of Stone, Granade & Crosby, Bay Minette, for appellees.
Alabama Supreme Court 1961490.
L. CHARLES WRIGHT, Retired Appellate Judge.
Randy R. Arp and Elizabeth S. Arp filed a complaint in the Baldwin County Circuit Court against Richard E. Edmonds and Deborah L. Edmonds. The Arps alleged that they owned a 25-foot easement for ingress and egress across the Edmondses' property and that the Edmondses had interfered with, and closed, the easement. The Arps requested the trial court to enjoin the Edmondses from interfering with the easement. The Arps also requested $250,000 in damages, plus interest and costs. Thereafter, the Arps amended their complaint to allege that their predecessors-in-title had acquired an easement for ingress and egress by prescription across the Edmondses' property.
Following oral proceedings, the trial court entered a judgment, stating, in pertinent part:
"1. The controversy involves a disputed easement over and across the [Edmondses'] property. The [Arps] discovered that they did not have good and merchantable title to an easement connecting them to a public road when they applied for a loan to construct their home. Subsequently, they unsuccessfully attempted to secure the necessary easements from other individuals.
"2. There was an old [dirt] road across the [Edmondses'] property. It did not follow the description set forth in one or more deeds executed by Alice B. Creighton. The [Edmondses] later blocked the claimed [dirt] road easement and replaced it with a 25-foot easement that runs along the southern boundary of their property before turning north along their side boundary.
"....
"4. While the alternate way over the [Edmondses'] land is longer and may require more maintenance, the court finds that it is an adequate way for the [Arps] to access their property.
"5. Therefore, the [Arps'] claim for injunctive relief be, and the same is, hereby denied. The court determines that the [Arps] have a non-exclusive easement 25 feet [wide], which lies along and across the full width of the [Edmondses'] south property line. The [Arps] and [the Edmondses] shall share equally in the maintenance of the substituted road leading to the [Arps'] property.

*738 "6. Judgment is entered in favor of the [Edmondses] and against the [Arps] on the [Arps'] claim for damages."
The Arps filed a motion to alter, amend, or vacate the judgment, alleging that they had proven an easement by implication. That motion was denied by operation of law.
The Arps appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975. On appeal the Arps raise three issues: (1) whether the trial court's failure to find that they were the owners of an easement by implication and by necessity was error, (2) whether the trial court's failure to find an easement by reservation across the Edmondses' property was error, and (3) whether the trial court erred in finding that the Arps did not have an easement by prescription.
Where evidence is presented ore tenus, the judgment of the trial court will not be reversed unless found to be manifestly unjust or plainly erroneous. Carr v. Turner, 575 So.2d 1066 (Ala.1991). However, if the evidence before the trial court is undisputed, this court "shall consider the evidence de novo, indulging no presumption in favor of the trial court's determinations." Sasser v. Spartan Foods Systems, Inc., 452 So.2d 475, 477 (Ala.1984) (citation omitted).
Easements may be acquired "(1) by express conveyance, (2) by reservation or exception, (3) by implication, (4) by necessity, (5) by prescription, (6) by contract, and (7) by reference to boundaries or maps." Helms v. Tullis, 398 So.2d 253, 255 (Ala.1981) (citation omitted).
An easement by implication "requires not only original unity of ownership ... but also that the use be open, visible, continuous, and reasonably necessary to the estate granted." Helms, 398 So.2d at 255 (citations omitted). Our supreme court has held that the "implication is that the parties implied such an easement because the grantee, having seen the use the grantor made of the property, can reasonably expect a continuance of the former manner of use." Id.
An easement by necessity is a form of creation by implication. The party seeking to establish the easement has the burden of proving that the easement is "reasonably necessary for the enjoyment" of the land. Helms, 398 So.2d at 255. "Easements by necessity almost always involve access roads across the servient tenement connecting the dominant tenement to a public road or highway." Id.
Our review of the record reveals the following pertinent facts: The properties owned by the Arps and the Edmondses were originally owned by Dr. Samuel O. Benson and later by his daughter, Alice B. Creighton. Benson and Creighton also owned and sold the properties adjoining the Arps and Edmondses' property; the adjoining property owners are not parties to this litigation.
The Arps own approximately 7 acres of land along the Magnolia River, which they acquired from Lloyd E. Stiffler and Geraldine J. Stiffler, Mrs. Arp's parents. The Stifflers had acquired the property from Diane Kimsey Tyson and her former husband, who purchased the property from Dr. Benson in 1973. The Edmondses purchased their property from David Maddox, James White, Kendall Bunch, and Danny Strachan, who had purchased the property from Alice B. Creighton. Benson and Creighton expressly reserved a nonexclusive 25-foot easement for ingress and egress across the properties subsequently conveyed to the Arps, the Edmondses, and the adjoining property owners. In 1990 Creighton conveyed her property and the easement to Richard Sibley, Jr., and in 1992 Creighton attempted to convey the easement to the Arps.
In order to reach the nearest public road, the Arps and Sibley must use a 25-foot dirt road that crosses the Edmondses' property. Diane Kimsey Tyson, Lloyd Stiffler, and the Arps each testified that the dirt road had existed since 1971 and had remained unchanged until 1993, when Mr. Edmonds closed and eradicated that portion of the dirt road bisecting his property. Mr. Edmonds then constructed a dirt road across the bottom of his property. Mr. Edmonds testified that he rerouted the dirt road without asking permission of the Arps or Richard Sibley, *739 Jr., the owner of the easement, and that he moved the road because it increased the value of his property.
In this case the material facts were undisputed. The trial court did not find an easement by implication. Based on the record before us, we conclude that the Arps presented substantial evidence of unity of ownership, that the dirt road was used openly and continuously since 1971, that the easement was necessary to reach the Arps' property, and that the trial court misapplied the law to the facts. Underwood v. Shepard, 521 So.2d 1314 (Ala.1988). Having concluded that the Arps established an easement by implication, we do not address the issues of whether they had an easement by necessity, reservation, or prescription.
Additionally, because the Arps owned an easement by implication, we conclude that the trial court erroneously denied the Arps' request for injunctive relief and erroneously entered a judgment in favor of the Edmondses on the Arps' claim for damages as a result of the Edmondses' interference with the easement. See Alabama Power Co. v. Drummond, 559 So.2d 158 (Ala.1990). Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, Judge, dissents.
CRAWLEY, Judge, dissenting.
I dissent because I do not believe the trial court's finding that the alternate route was adequate is plainly erroneous or manifestly unjust. Whether a restriction on a private easement is objectionable is a question of reasonableness under all the circumstances. Simpson v. Harbin, 447 So.2d 189 (Ala.1984).
Although "[i]t is generally true that easements may not be modified, changed, altered, or relocated without the consent of both the dominant and the servient estates, ... there is no per se prohibition against a landowner relocating a prescriptive easement unless such action completely denies the easement holder the intended use of the original easement." Soderberg v. Weisel, 687 A.2d 839, 842 (Pa.Super.1997). A court may compel relocation of an easement if the landowner's reasons for moving the easement are substantial, the relocation is safe, and the change would not substantially interfere with the easement holder's use and enjoyment of the right of way. Id. Because all of the foregoing requirements were satisfied in this case, the trial court did not err in approving the relocation of the easement.