827 So.2d 768 (2002)
Walker Bryant JONES and Judith Jones
v.
Guy JOHNSON.
1001117.
Supreme Court of Alabama.
February 22, 2002.
*769 Christopher R. Smitherman, Montevallo, for appellants.
*770 David C. Livingston, Gadsden, for appellee.
PER CURIAM.
Walker Bryant Jones and his wife, Judith Jones, appeal from a judgment in favor of Guy Johnson regarding the ownership and use of a strip of land. We reverse and remand.
This appeal concerns the right of Johnson to use and maintain a driveway that crosses over property owned by the Joneses. The property in dispute was described in a warranty deed by which Johnson conveyed fee simple title to Wayne Garrett, the Joneses' predecessor in title. That deed, which was executed in July 1982, described the property as follows (that deed is hereinafter referred to as "the Garrett deed"):
"All of the Northeast Fourth of the Northwest Fourth of Section 23, Township 8 South, Range 4 East. All that part of the Northwest Fourth of the Northeast Fourth of Section 23, Township 8 South, Range 4 East, except that portion Northeast of Skirum Creek. Also a 33 by 2920 foot strip of property [`the strip'] beginning at the Southeast corner of the Northeast Fourth of the Northwest Fourth of Section 23, Township 8 South, Range 4 East, thence South zero degrees 12 minutes 28 seconds East along the One Half Section Line 2920.0 feet to the North right of way of Highway # 68. Thence East along said right of way 33.0 feet. Thence North zero degrees 12 minutes 28 seconds West 2920.0 feet. Thence North 88 degrees 33 minutes 25 seconds West 33.0 feet to the point of beginning. Property being in Marshall County, Alabama, and containing 73 acres, more or less."
(Emphasis added.)
"The strip" ran south from the south edge of Garrett's property to County Highway 68, while Johnson retained a parcel of property that lay east of the strip and between the rest of Garrett's property and the highway. Thus, the strip bordered the west edge of Johnson's property. An old farm road runs adjacent and parallel to the west side of the strip.
In March or April 1988, Johnson began to build a house. The construction crew used a portion of the strip perpendicular to the farm road as a means of traveling between the farm road and the construction area. On September 28, 1988, Johnson completed a concrete driveway across this portion of the strip, thereby connecting his property to the old farm road.
Johnson testified that soon after the driveway was completed, Garrett said to him, "I see you put your drive over my property." Johnson said that he replied, "That's a drive, public for all of us." According to Johnson, Garrett said, "No. I bought it.... Look at your deed." During his testimony, Garrett expressly denied any memory of this conversation. Johnson said that he reexamined his deed and realized that he had conveyed fee simple title to the strip to Garrett. Nevertheless, he continued to use the driveway. On June 15, 1989, in a warranty deed describing the property in terms essentially identical to the Garrett Deed, Garrett conveyed to the Joneses fee simple title to the property Johnson had previously conveyed to him ("the Jones Deed").
On May 29, 1998, the Joneses sued Johnson, asserting a disputed boundary line and a trespass to land and seeking an ejectment. The ejectment claimseeking a determination that the property description in the Jones Deed and the Garrett Deed was correctis the subject of this appeal. The Joneses seek to enjoin Johnson to remove his driveway from "the *771 strip" and to pay all reasonable costs of returning the Joneses' land to the condition it was in before the driveway was constructed.
Johnson answered and counterclaimed, averring: "To the extent that [Johnson's] driveway is found to be upon property owned by the [Joneses], [Johnson] asserts that he has adversely possessed the same continually, adversely, hostilely, [and] openly under a claim of right for the requisite period of time." He later amended his answer to add a counterclaim for reformation of the Garrett Deed to exclude the strip:
"The 33' by 2920' strip of land conveyed to Wayne Garrett ... was intended to be an easement, and not to convey fee simple title.[[1]] Pursuant to [Ala.Code 1975,] § 35-4-150, [Johnson requests] the court to reform the Deed to indicate that said property constitutes a nonexclusive easement instead of fee simple title to [Garrett] and his successors in title."
After a nonjury trial, the court entered a judgment holding that the Joneses owned the strip in fee simple. However, it also held that Johnson had "acquired, and [was] entitled to a permanent access easement over and across that portion of [the strip] where a concrete driveway is located." The Joneses appeal from that judgment, contending that the trial judge erred in holding that Johnson has acquired an easement across the strip where the driveway was located.
The trial court's order did not state by what method Johnson had obtained an easement across the strip of land. Johnson contends on appeal that he acquired the easement by adverse possession for a period of 10 years. He states that "when adverse possession is claimed by a coterminous owner, a coterminous landowner must prove open, notorious, hostile, continuous and exclusive possession for only ten years." (Johnson's Brief, at 9.) The Joneses argue that this rule does not apply, because, they contend, the "rule's automatic application to coterminous properties seems to relate only to claims of ownership in fee rather than adverse claims for easements." (Reply Brief, at 3.) Thus, the Joneses insist, Johnson could not acquire an easement without proving adverse possession for a period of 20 years, that is, an easement by prescription.
This Court has often stated that "[a]n easement is an interest in land and, generally, can be created in only three ways: first, by deed; second, by prescription; and, third, by adverse use for the statutory period." Kirkland v. Kirkland, 281 Ala. 42, 47, 198 So.2d 771, 774-75 (1967). See City of Montgomery v. Maull, 344 So.2d 492 (Ala.1977); Consolidated Foods Corp. v. Water Works & Sanitary Sewer Bd. of City of Montgomery, 294 Ala. 518, 319 So.2d 261 (1975); Hendrix v. Creel, 292 Ala. 541, 297 So.2d 364 (1974); Camp v. Milam, 291 Ala. 12, 277 So.2d 95 (1973); Kratchoville v. Cloverleaf Plaza, Inc., 276 Ala. 562, 165 So.2d 112 (1964); see also England v. Arrington, 647 So.2d 736 (Ala.Civ.App.1993). An easement by prescription is acquired by use of "`the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, *772 and uninterrupted, with actual or presumptive knowledge of the owner.'" Blalock v. Conzelman, 751 So.2d 2, 4 (Ala. 1999) (quoting Bull v. Salsman, 435 So.2d 27, 29 (Ala.1983)).
An easement by "adverse use for the statutory period" requires satisfaction of the nontemporal elements of the prescriptive easement, plus one of the three additional requirements of Ala.Code 1975, § 6-5-200:
"(a) Adverse possession cannot confer or defeat title to land unless:
"(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
"(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
"(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land."
(Emphasis added.) If the requirements of "adverse use for the statutory period" are met, then a use will ripen into an easement by adverse possession in 10 years, instead of the 20 years required to establish a prescriptive easement. Downey v. North Alabama Mineral Dev. Co., 420 So.2d 68 (Ala.1982). "Because of the unique nature of the easement interest, it is indeed rare that an easement is claimed under the ten-year rule set out in ... § 6-5-200. The more common method used to claim that an easement has been established is the rule of prescription." Jesse P. Evans, Alabama Property Rights and Remedies § 10.4(b)(2d ed.1998) (footnote ommitted).
Johnson argues that his dispute with the Joneses is properly characterized as a boundary-line dispute between coterminous landowners.[2] This dispute between Johnson and the Joneses is not, however, a boundary-line dispute between coterminous landowners. The portion of land over which Johnson has placed his driveway, perpendicular to the old farm road and across the strip of land that *773 Garrett had purchased, has never been a boundary line between the parties' properties. Therefore, we decline to address Johnson's argument that the 10-year-adverse-possession rule applies as fully to easements as it does to fee ownership.
Johnson's claim must fall either under one of the three categories of § 6-5-200, Ala.Code 1975, or under the rules for obtaining an easement by prescription.[3] To prevail under § 6-5-200, Johnson must have paid taxes on the portion of "the strip" over which his driveway runs or derive title to it by descent cast or devise from a predecessor in title; he made no such claim at trial, and he makes no such claim on appeal. In fact, Johnson testified that shortly after he installed the driveway Garrett pointed out to him that it ran over Garrett's property, and Johnson examined his copy of the deed and determined that Garrett's claim to the strip was correct.
Nor can Johnson establish an easement by prescription. He first installed the concrete driveway in 1988, and the Joneses sued in 1999. Thus, in addition to his failure to meet the prescriptive-easement requirement that the claim be under color of title, Johnson also fails to meet the requirement that the possession be for 20 years.
Because Johnson's claims to the land do not fulfill the requirements for an easement by statutory adverse possession or the requirements for a prescriptive easement, the trial court abused its discretion in finding that Johnson had obtained a permanent easement across Garrett's land. We, therefore, reverse the trial court's judgment and remand the case for proceedings consistent with this opinion.[4]
REVERSED AND REMANDED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
HOUSTON and WOODALL, JJ., dissent.
WOODALL, Justice (dissenting).
I respectfully dissent. In my opinion, this case "involv[es] a question as to boundaries between coterminous owners," as that phrase is used in § 6-5-200(c), Ala.Code 1975. Therefore, under the coterminous-landowner rule rejected by the majority, adverse possession for 10 years is sufficient for the acquisition of an easement. This conclusion is consistent with Ala.Code 1975, § 6-2-33(2), which provides that "[a]ctions for the recovery of... hereditaments" must be brought within 10 years. It is well-established that an easement is an "incorporeal hereditament." McPhillips v. Brodbeck, 289 Ala. 148, 156, 266 So.2d 592, 599 (1972).
The trial court heard the evidence ore tenus. Its findings are not clearly erroneous or manifestly unjust, and its judgment should be affirmed.
HOUSTON, J., concurs.
NOTES
[1] Although Johnson asserts that he intended to give Garrett only a right-of-way over the land, Garrett testified at trial that his obtaining full ownership of this strip of land was a prerequisite to his purchase of the remaining 73-acre parcel, and that he spoke with various members of Johnson's family about the importance to him of obtaining fee-simple ownership of the strip.
[2] Section 6-5-200(c) provides: "This section shall not be construed ... to affect cases involving a question as to boundaries between coterminous owners." (Emphasis added.) Thus, the requirements of color of title, payment of taxes, or derivation by descent cast do not apply to "cases involving a question as to boundaries between coterminous owners." See Strickland v. Markos, 566 So.2d 229, 232 (Ala.1990); Berry v. Guyton, 288 Ala. 475, 262 So.2d 593, 595 (1972). Disputes between coterminous landowners are subject to yet a third rule:

"If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken."
Smith v. Cook, 220 Ala. 338, 341, 124 So. 898, 900 (1929) (citations omitted).
Johnson argues that this rule applies to his easement, while the Joneses contend that the rule is applicable only to disputes over fee simple ownership. As the Joneses interpret the rule, coterminous landowners can acquire fee simple title after adverse possession for 10 years, but can acquire an easement only after adverse possession of the easement for 20 years. The parties cite no cases directly on point, and our own research has yielded none.
[3] Johnson does not claim an easement by deed.
[4] The trial judge heard evidence ore tenus. "Of course, any time a trial court has heard evidence presented ore tenus and resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust. Evidence in adverse possession cases is especially difficult to weigh from the vantage point of an appellate court. Witnesses often testify with reference to exhibits and make gestures not capable of preservation in the record." Scarbrough v. Smith, 445 So.2d 553, 555 (Ala.1984). However, this case does not turn on the trial court's interpretation of evidence and findings of fact. It turns, instead, on a question of law.