BRYAN, Judge.
W.E. Butterworth III appeals from a judgment determining that Thomas F. Morgan and Holley S. Morgan had estab *474 lished an easement by prescription over Butterworth’s property. We reverse and remand.

Factual Background and Procedural History

The Morgans own a tract of property, the western boundary of which fronts the eastern shore of Mobile Bay. Butterworth owns a tract of property lying adjacent to and east of the Morgan property. In 1985, R. Michael Thompson and Patricia Thompson acquired a tract of property that now comprises the Morgan property and the Butterworth property. In 1989, the-Thompsons conveyed the Butterworth property by deed to Brett Real Estate, Robinson Development Co., Inc. (“Brett-Robinson”). In that deed, the Thompsons reserved a 12-foot-wide easement (“the deeded easement”) across the southern part of the Butterworth property in order to provide ingress to and egress from the Morgan property. Beginning from the boundary along the southeastern corner of the Morgan property, the deeded easement runs across the southern part of the Butterworth property, continues northeast and east across other properties, and eventually connects with Baldwin County Highway 11. Brett-Robinson subsequently conveyed the Butterworth property to Ray E. Case, and, in 1993, Case conveyed that property to Butterworth.
In 1997, Patricia Thompson became the sole owner of the Morgan property. In 2000, Patricia Thompson conveyed that property to the Morgans. At that time, the Morgans also acquired the deeded easement established in 1989 over the But-terworth property.
A driveway crosses the southern part of both the Morgan property and the Butter-worth property, providing access to the properties from Highway 11. The driveway existed in 1985 when the Thompsons acquired the Morgan property and the Butterworth property, and the driveway has been used since then to access those properties. Portions of the driveway run along portions of the deeded easement. At some points, the driveway does not touch the deeded easement. The driveway generally lies slightly north of the dimensions of the deeded easement.
In 2005, Butterworth sued the Morgans, alleging, among other things, that the Morgans were trespassing on his property by using the driveway. In 2006, the Morgans filed a counterclaim asserting that they had established a prescriptive easement to use the driveway. At trial, the trial court received oral testimony and documentary evidence. The trial court subsequently entered a judgment concluding, among other things, that the Morgans had established a prescriptive easement to use the driveway “for the purposes of ingress, egress, and utility access.” The trial court’s judgment also stated that the Morgans held the prescriptive easement to use the driveway in addition to the deeded easement over the Butterworth property. Butterworth appealed to the supreme court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.

Standard of Review

“[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.” Philpot v. State, 843 So.2d 122, 125 (Ala.2002). However, “the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.” Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005). “Questions of law *475 are reviewed de novo.” Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).

Discussion

“To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner.”
Bull v. Salsman, 435 So.2d 27, 29 (Ala.1983).
On appeal, Butterworth first argues that the trial court erred in finding that the Morgans had established a prescriptive easement to use the driveway because, he says, the Morgans did not satisfy the requisite 20-year period of use. As noted, between 1985 and 1989, the Thomp-sons owned both the Morgan property and the Butterworth property. “ ‘The time for acquiring an easement by prescription does not run while the dominant and ser-vient estates are in the occupation of the same person.’ — Jones on Easements, § 166.” Barker v. Mobile Elec. Co., 173 Ala. 28, 43, 55 So. 364, 368 (1911). See also Burk v. Tyrrell, 212 Ga. 239, 244, 91 S.E.2d 744, 748 (1956) (“Unity of possession of both the dominant and servient tenements is inconsistent with adverse use, and such use could not begin until after a severance of the two estates.”); and Farris Constr. Co. v. 3032 Briarcliff Rd. Assocs. Ltd., 247 Ga. 578, 578, 277 S.E.2d 673, 674 (1981) (stating that adverse use did not begin until the severance in the ownership of two estates).
In this case, the dominant estate — the Morgan property — and servient estate— the Butterworth property — were owned by the Thompsons between 1985 and 1989. In 1989, the Thompsons sold the Butter-worth property. Therefore, regarding use of the driveway, any period of use adverse to the owner of the Butterworth property could not have begun until 1989, less than 20 years before the Morgans claimed a prescriptive easement to use the driveway in 2006. Id. Accordingly, because the required 20-year period of adverse use could not have been satisfied in this case, the trial court erred in concluding that the Morgans had established a prescriptive easement to use the driveway.
The Morgans seem to argue that, regardless of whether they obtained a prescriptive easement, they obtained an easement to use the driveway by “adverse use for the statutory period.” See Kirkland v. Kirkland, 281 Ala. 42, 47, 198 So.2d 771, 774-75 (1967) (stating that an easement may be established by “adverse user for the statutory period”). In its judgment, the trial court did not address whether the Morgans had established an easement to use the driveway by any means other than prescription. However, this court generally “ ‘ “will affirm the judgment appealed from if supported on any valid legal ground.” ’ ” Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 51 (Ala.2003) (quoting Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988)). But see Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala.2003) (stating exceptions to the general rule that an appellate court will affirm a judgment on any valid legal ground). Therefore, we address the Morgans’ arguments that the trial court’s judgment finding an easement to use the driveway may be affirmed on grounds not stated by the trial court.
*476 “An easement by ‘adverse use for the statutory period’ requires satisfaction of the nontemporal elements of the prescriptive easement, plus one of the three additional i’equirements of Ala.Code 1975, § 6-5-200:
“‘(a) Adverse possession cannot confer or defeat title to land unless:
“ ‘(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
“ ‘(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
“ ‘(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land.’
“(Emphasis added.) If the requirements of ‘adverse use for the statutory period’ are met, then a use will ripen into an easement by adverse possession in 10 years, instead of the 20 years required to establish a prescriptive easement. Downey v. North Alabama Mineral Dev. Co., 420 So.2d 68 (Ala.1982). ‘Because of the unique nature of the easement interest, it is indeed rare that an easement is claimed under the ten-year rule set out in ... § 6-5-200. The more common method used to claim that an easement has been established is the rule of prescription.’ Jesse P. Evans, Alabama Property Rights and Remedies § 10.4(b) (2d ed.1998) (footnote [omitted]).”
Jones v. Johnson, 827 So.2d 768, 772 (Ala.2002).
In this case, the Morgans have not satisfied any of the aforementioned requirements under § 6-5-200, Ala.Code 1975, for establishing an easement to use the driveway. Accordingly, the Morgans’ argument that they have established an easement to use the driveway “by adverse use for the statutory period” fails.
Although it is unclear, the Morgans also seem to suggest that they have obtained an easement to use the driveway because they and Butterworth are coterminous landowners and, say the Morgans, they have met the elements of a prescriptive easement for a 10-year period.
“Section 6-5-200(c) provides: ‘This section shall not be construed ... to affect cases involving a question as to boundaries between coterminous owners.’ ... Thus, the requirements of col- or of title, payment of taxes, or derivation by descent cast do not apply to ‘cases involving a question as to boundaries between coterminous owners.’ See Strickland v. Markos, 566 So.2d 229, 232 (Ala.1990); Berry v. Guyton, 288 Ala. 475, 262 So.2d 593, 595 (1972). Disputes between coterminous landowners are subject to [the following] rule:
“ ‘If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken.’
*477 “Smith v. Cook, 220 Ala. 338, 341, 124 So. 898, 900 (1929) (citations omitted).”
Jones, 827 So.2d at 772 n. 2 (emphasis omitted).
In Jones, our supreme court, based on the facts of that case, declined to decide whether a coterminous landowner can acquire an easement, as opposed to fee simple title, after adverse possession for 10 years. Id. at 772-73. We need not decide this question because, although the Morgans and Butterworth are coterminous landowners, the dispute over the driveway does not “involv[e] a question as to the boundaries” between the Morgan property and the Butterworth property. Accordingly, we decline to address this issue further.
The Morgans also argue that, regardless of whether they obtained a prescriptive easement, they obtained an implied easement to use the driveway. As noted, the Morgans hold the deeded easement intended to provide access to and from the Morgan property over the But-terworth property. “[A]s a general rule, the express grant of an easement negates an implied grant of an easement of a similar character.” 25 Am.Jur.2d Easements and Licenses § 19 (2004). See Waters v. North Carolina Phosphate Corp., 310 N.C. 438, 441, 312 S.E.2d 428, 432 (1984) (“The express granting of an easement negatives the finding of an implied easement of similar character.”); Mougey Farms v. Kaspari, 579 N.W.2d 583, 587 (N.D.1998) (“[G]enerally the express grant of an easement negates an implied easement of a similar character.”); and Walter v. Introcaso, 135 N.J.L. 461, 463, 52 A.2d 676, 678 (N.J.1947) (“No grant of an easement can arise by implication where there is an express contract relating to the matter.”). In this case, the purported implied easement to use the driveway and the deeded easement are clearly similar in character. Because the Morgans possess the deeded easement over the Butterworth property, we will not find an implied easement over the same property.

Conclusion

We reverse the judgment of the trial court insofar as it concluded that the Morgans had established a prescriptive easement to use the driveway over the Butter-worth property, and we remand the case for proceedings consistent with this opinion. This holding pretermits discussion of the other arguments made by Butter-worth.
REVERSED AND REMANDED.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN, J., concurs specially, which THOMAS, J., joins.