MURDOCK, Justice
(concurring specially).
I concur in the decision of the Court to deny the petition for the writ of certiorari. I write separately to explain my reason for concurring in the Court’s citation of Rules 39(a)(1)(D) and 39(d)(3), Ala. R.App. P., as grounds for that denial and, as a corollary, to explain my reason for concurring in the Court’s caveat that it does not wish to be understood as agreeing with all the reasoning and statements of law in the Court of Civil Appeals’ opinion. See Horsley v. Horsley, 291 Ala. 782, 782, 280 So.2d 155, 156 (1973).
With respect to the reliance on Rules 39(a)(1)(D) and 39(d)(3) for denying the petition, I note that, among other things, the petition asserts a conflict between the decision of the Court of Civil Appeals in the present case and its decision in Arp v. Edmonds, 706 So.2d 736 (Ala.Civ.App.1997). Rules 39(a)(l)(D)l. and 39(d)(3)(A) require that, where it is feasible to quote that part of the opinion of the Court of Civil Appeals alleged to be in conflict with a prior decision, “the petition must quote that part of the opinion of the court of appeals and that part of the prior decision the petitioner alleges are in conflict.” See also Rules 39(a)(l)(D)2. and 39(d)(3)(B), Ala. RApp. P. (explaining the procedure required when it is not feasible to quote that part of the opinion of the court of appeals alleged to be in conflict with the prior decision). Although it appears feasible to quote that part of the opinion of the Court of Civil Appeals alleged to be in conflict with Arp, the petition quotes neither that opinion nor the decision in Arp.
As to the substantive merits of this case, the opinion of the Court of Civil Appeals succinctly summarizes the pertinent facts and procedural history. Butterworth v. Morgan, 22 So.3d 473, 474 (Ala.Civ.App.2008). On appeal, in their effort to per *479 suade the Court of Civil Appeals to uphold the judgment of the trial court, Thomas F. Morgan and Holley S. Morgan argued, among other things, that an implied easement to use the existing driveway existed in their favor. The Court of Civil Appeals rejected their argument, however, on the ground that, “ ‘[a]s a general rule, the express grant of an easement negates an implied grant of an easement of a similar character.’ 25 Am.Jur.2d Easements and Licenses § 19 (2004).” Butterworth, 22 So.3d at 477. The Court of Civil Appeals also cited precedent from other states in support of this general rule. 22 So.3d at 477.
Notwithstanding the foregoing, it has also been noted that
“[a] conveyance expressly providing for certain easements warrants an inference that no other easements are intended. However, such inference will not override a clearly apparent intent to include other easements, and it has been held that an express provision for an easement is immaterial on the question of implied easements.”
28A C.J.S. Easements § 76 (2008)(empha-sis added); see also Restatement (Third) of Property (Servitudes) § 2.12 cmt. h (2000) (“Implication of a servitude under the rule stated in this section is based on what the parties probably intended or had reasonable grounds to expect. The implication does not arise if the facts or circumstances of the conveyance indicate that the parties did not intend to create a servitude to continue the prior use, or that the parties did intend to create rights to terminate the existing utility arrangements.... Economic consequences to both parties may be relevant indicators of their expectations.”).
In their petition to this Court, the Morgans contend that “holding or obtaining implied ... easements in addition to an express easement is not legally inconsistent under Alabama law.” Petition, at 5. One of the cases relied upon by the Morgans for this contention is the above-referenced case of Arp v. Edmonds, 706 So.2d 736 (Ala.Civ.App.1997).
In their petition, the Morgans correctly describe Arp as a case in which the Court of Civil Appeals “reversed a trial court for refusing to find an implied easement over the portion of [a dirt] road that was located outside the express easement for the convenience of the parties.” Petition, at 5; see Arp, 706 So.2d at 738-39. The trial court in Arp determined that the “ ‘old [dirt] road’ ” across the subservient estate in that case “ ‘did not follow the description set forth in one or more deeds’ ” by which the subservient property had been conveyed. 706 So.2d at 737. On appeal, the Arp court noted:
“An easement by implication ‘requires not only original unity of ownership ... but also that the use be open, visible, continuous, and reasonably necessary to the estate granted.’ Helms[ v. Tullis ], 398 So.2d [253,] 255 [ (Ala.1981) ](citations omitted). Our supreme court has held that the ‘implication is that the parties implied such an easement because the grantee, having seen the use the grantor made of the property, can reasonably expect a continuance of the former manner of use.’ Id.”
706 So.2d at 738. The Arp court then concluded:
“In this case the material facts were undisputed. The trial court did not find an easement by implication. Based on the record before us, we conclude that the Arps presented substantial evidence of unity of ownership, that the dirt road was used openly and continuously since 1971, that the easement was necessary to reach the Arps’ property, and that the *480 trial court misapplied the law to the facts. Underwood v. Shepard, 521 So.2d 1314 (Ala.1988).”
706 So.2d at 739.
The facts presented here are sufficient to indicate a conflict between the decision of the Court of Civil Appeals in this case and the decision of the Court of Civil Appeals in Arp. It is true, as noted by the Court of Civil Appeals in this case, that the driveway that has been in actual use in this case does not follow exactly the description of the express easement in the deed conveying the servient estate. This was also true with respect to the dirt road in Arp, yet the Court of Civil Appeals reversed the judgment of the trial court in that case for failing to find an implied easement over that road.
In this case, both the property owned by the Morgans and the property owned by W.E. Butterworth III were owned by R. Michael Thompson and Patricia Thompson in 1985 (unity of ownership), and the driveway at issue was in existence and in open and continuous use at that time. The express easement was first described in the deed conveying the Butterworth property from the Thompsons to a predecessor in title of Butterworth in 1989, yet both before and after the reservation of that easement the Thompsons continued to use the actual driveway as their means of ingress and egress. Likewise, apparently, the language describing the express easement was included in the deed by which the Butterworth property was conveyed to Butterworth in 1993, and yet both before and after that conveyance the Thompsons and their successors in title continued to use the actual driveway as their means of ingress and egress. In short, notwithstanding the inclusion of the express-easement language in more than one deed conveying the Butterworth property to different parties since 1985, the driveway has been in “open, visible, continuous, and reasonably necessary” use by the owners of the Morgan property as the means of ingress and egress to and from that property from at least 1985 to the filing of the instant action in 2005. See Butterworth, 22 So.3d at 474.[1]
Based on the foregoing, this is arguably a case in which whatever inference is to be derived from the inclusion in Butter-worth’s deed of the language of the express easement at issue does not override the apparent intent and reasonable expectations of the parties that the actual driveway would continue to be used for the benefit of the Morgan property.

. Also, according to the Morgans' petition, (a) language in a corrective deed executed in conjunction with Butterworth's acquisition of the Butterworth property in 1993 made the conveyance of that property "expressly subject to '[ejxisting paved drive not being completely located within the above-described ingress, egress, and beach walk easement,’" and (b) the Butterworth property has physical characteristics that make the use of the express easement impractical.